UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL NEELY ]
    Petitioner, ]
]
v. ] No. 3:06-0251
] Judge Echols/Knowles
RICKY BELL ]
    Respondent. ]

R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No. 6) entered May 5, 2006, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304, L.R.M.P."

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 4) and the petitioner's pleading (Docket Entry No. 7) in opposition to the Motion to Dismiss. The undersigned has reviewed these pleadings and the record in this case and recommends, for the reasons stated below, that the Motion to Dismiss be denied and that this action should be transferred to the Sixth Circuit Court of Appeals for further proceedings.

The petitioner is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Ricky Bell, Warden of the facility, challenging the legality of two Rutherford County convictions for child rape.

The petitioner has already attacked these convictions at least once before in an earlier

1

§ 2254 action.[1] That action was considered and dismissed on the merits. Kratville v. Runyon, 90 F.3d 195 (7th Cir. 1996)(a dismissal for untimeliness is a dismissal on the merits); *see also* Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997), cert. denied, 523 U.S. 1064, 118 S.Ct. 1396, 140 L.Ed.2d 654 (1998).

Before a second or successive petition may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Apparently, the petitioner has not yet sought and obtained the authorization from the Sixth Circuit Court of Appeals needed for this Court to consider his current petition.

## R E C O M M E N D A T I O N

Therefore, without the appropriate authorization, the undersigned respectfully RECOMMENDS that the Court DENY the respondent's Motion to Dismiss and TRANSFER this case to the Sixth Circuit Court of Appeals for further consideration. 28 U.S.C. § 1631; In re: Sims, 111 F.3d 45, 47 (6th Cir.1997).[2]

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written

---

[1] Michael Neely v. Kevin Myers, Warden, No. 3:01-0050 (M.D. Tenn.)(Campbell, J., presiding)(dismissed on 3/29/01 as untimely). *See* Docket Entry No. 4; Attachment Nos. 4 and 5.

[2] In a footnote to his Motion to Dismiss, the respondent urges the Court to dismiss rather than transfer this action. However, without the proper authorization from the Circuit Court of Appeals, this Court lacks the jurisdiction it would need to dispose of the case on its merits.

2

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

          */s/ E. Clifton Knowles*
          E. Clifton Knowles
          United States Magistrate Judge